UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL OROZCO,<br><br>        Plaintiff,<br><br>    v.<br><br>SCOTT KERNAN,<br><br>        Defendant. | No. 2:16-cv-3028 DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.    Application to Proceed In Forma Pauperis**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II.     Screening Requirement

The in forma pauperis statute provides, "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## III.    Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

////

////

////

### IV. Plaintiff's Allegations

Plaintiff is a state inmate who was housed at North Kern State Prison ("NKSP") in Delano, California when he filed this action.[1] He names Scott Kernan, the Director of the California Department of Corrections and Rehabilitation ("CDCR"), as the sole defendant.

Plaintiff's allegations may be fairly summarized as follows:

Plaintiff, a Jewish inmate, claims that he and other Jewish inmates are deprived of the opportunity to properly exercise their religion. Specifically, he claims that Jewish law demands a group of ten Jewish men (called a "minyan") to participate in certain religious activities, but since there are so few Jewish inmates housed in any one institution, they cannot follow this practice.

Plaintiff brings a free exercise claim and seeks injunctive relief in the form of sending the correct number of Jewish inmates to prisons.

### V. Discussion

#### A. Individual Action

Plaintiff's complaint appears to be brought on behalf of all Jewish inmates deprived of a minyan. However, a non-attorney proceeding pro se may bring his own claims to court; he may not represent others. Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (2000); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987). A pro se litigant simply cannot "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); Fymbo, 213 F.3d at 1321. Therefore, this action will be construed as an individual civil suit brought by plaintiff rather than as a class action.

#### B. Linkage

Under Section 1983, a plaintiff bringing an individual capacity claim must demonstrate that each defendant personally participated in the deprivation of his rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions

---

[1] A search of plaintiff's present housing status via the CDCR Inmate Locator website, http://www.inmatelocator.cdcr.ca.gov, shows plaintiff to be currently housed at Valley State Prison in Chowchilla, California. Plaintiff has not updated his address with the court as required pursuant to Eastern District of California Local Rule 182(f).

of the defendants and the deprivation alleged to have been suffered by plaintiff. See <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658, 691, 695 (1978).

Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. <u>Monell</u>, 436 U.S. at 691. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions by linking each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights. <u>Iqbal</u>, 556 U.S. at 676.

Liability may be imposed on supervisory defendants under § 1983 only if the supervisor: (1) personally participated in the deprivation of constitutional rights or directed the violations or (2) knew of the violations and failed to act to prevent them. <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989). Defendants cannot be held liable for being generally deficient in their supervisory duties.

Plaintiff's complaint is factually bare. He asserts no allegations specifically linking defendant to the denial of a minyan, and he further fails to include any allegations that there exists a CDCR policy or custom depriving Jewish inmates of a minyan. Without specific facts linking defendant to an alleged constitutional violation, plaintiff's complaint fails to state a claim. The court will nonetheless set out the relevant legal standards for plaintiff's First Amendment free exercise claim should he choose to amend.

**C.     First Amendment Free Exercise of Religion**

"[P]risoners retain the protections of the First Amendment" but their "right to freely exercise [their] religion is limited by institutional objectives and by the loss of freedom concomitant with incarceration." <u>Hartmann v. California Dep't of Corr. & Rehab.</u>, 707 F.3d 1114, 1122 (9th Cir. 2013) (citing <u>O'Lone v. Estate of Shabazz</u>, 482 U.S. 342, 348, 107 S.Ct. 2400 (1997)). The protections of the Free Exercise Clause are triggered when prison officials substantially burden the practice of an inmate's religion by preventing him from engaging in conduct which he sincerely believes is consistent with his faith, but an impingement on an inmate's constitutional rights will be upheld "'if it is reasonably related to legitimate penological

interests.'" Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008) (quoting Turner v. Safley, 482 U.S. 78, 89 (1987)).

Courts apply a four-part test to balance the inmate's free exercise right against the state's legitimate penological interests to determine if a regulation is reasonable and constitutional. Turner, 482 U.S. at 89.

> First, is there a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it? Second, are there alternative means of exercising the right that remain open to prison inmates? Third, what impact will accommodation of the asserted constitutional right ... have on guards and other inmates, and on the allocation of prison resources generally? And, fourth, are ready alternatives for furthering the governmental interest available?

Beard v. Banks, 548 U.S. 521, 529 (2006) (internal citations and quotations omitted).

In considering the first Turner factor, the court must "(1) determine whether the regulation is legitimate and neutral, and (2) assess whether there is a rational relationship between the governmental objective and the regulation." Ashker, 350 F.3d at 922.

> In determining whether there is a rational relationship between the purported objective and the regulation, the level of scrutiny applied to the judgment of prison officials depends on the circumstances in each case. If an inmate presents sufficient evidence to refute a common-sense connection between a legitimate objective and a prison regulation, ... the state must present enough counter-evidence to show that the connection is not so remote as to render the policy arbitrary or irrational." If, however, the inmate does not present evidence sufficient to refute a common-sense connection between the regulation and the government objective, prison officials need not prove that the banned material actually caused problems in the past or that the materials are likely to cause problems in the future. The only question is whether prison administrators reasonably could have thought the regulation would advance legitimate penological interests.

Ashker, 350 F.3d at 922-23 (internal quotations and citations omitted).

**VI.     Conclusion**

Based on the foregoing, the undersigned finds that plaintiff's complaint fails to state a claim. The court will grant plaintiff an opportunity to file an amended complaint to cure the noted defects. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Alternatively, plaintiff may forego amendment and notify the court that he wishes to stand on his complaint. See Edwards v.

1  Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego
2  amendment). If the latter option is chosen, the undersigned will issue findings and
3  recommendations to dismiss the non-cognizable claims, plaintiff will have an opportunity to
4  object, and the matter will be decided by a District Judge. If plaintiff chooses to amend, he must
5  cure the noted deficiencies.

6        Finally, plaintiff is advised that Local Rule 220 requires that an amended complaint be
7  complete in itself without reference to any prior pleading. As a general rule, an amended
8  complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).
9  Once an amended complaint is filed, the original complaint no longer serves any function in the
10  case. Therefore, in an amended complaint, as in an original complaint, each claim and the
11  involvement of each defendant must be sufficiently alleged. The amended complaint should be
12  clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be
13  an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R.
14  Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a
15  right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

16        Accordingly, IT IS HEREBY ORDERED that:

17        1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted;

18        2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
19  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. §
20  1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
21  Director of the California Department of Corrections and Rehabilitation filed concurrently
22  herewith; and

23        3.  The Clerk's Office shall send plaintiff a blank complaint form along with a copy
24  of the complaint filed December 28, 2016;

25        4.  Within thirty (30) days from the date of service of this order, plaintiff must file
26  either a first amended complaint curing the deficiencies identified by the court in this order or a
27  notice of election to stand on the complaint;

28  ////

5. If plaintiff fails to comply with this Order, the court will recommend that the complaint be dismissed without leave to amend for failure to state a claim.

Dated:  December 26, 2017

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

/DLB7;
DB/Inbox/Substantive/oroz3028.scrn